## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND
(Civil Division)

| | |
|---|---|
| **JONATHAN T. ALSTON**<br>10012 Cedarhollow Lane<br>Largo, MD 20774<br><br>Plaintiff,<br><br>v.<br><br>**TRANSWORLD SYSTEMS INC.**<br>2235 Mercury Way, Suite 275<br>Santa Rosa, CA 95407<br><br>Serve: The Corporation Trust Incorporated<br>351 West Camden Street<br>Baltimore, MD 21201<br><br>Defendant. | CIVIL ACTION NO. CAL12-16048<br>**JURY TRIAL DEMANDED** |

### COMPLAINT

COMES NOW the Plaintiff, Jonathan T. Alston, (hereafter the "Plaintiff") and for his complaint against the Defendant Transworld Systems Inc. ("Transworld") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"), the Maryland Consumer Debt Collection Act, Md. Code §14-201 *et seq.* (MCDCA), the Maryland Consumer Protection Act, Md. Code §13-101 *et seq.* (MCPA) and the common law tort of Defamation.

### PARTIES

2. The plaintiff is a natural person and resides in Largo, Maryland. He is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3), MCPA §13-101(c)(1) and a "person" as defined by MCDCA, Md. Code. §14-201(d).



3. Defendant Transworld is a national debt collection agency. Defendant advertises on its website that it "helps companies recover money owed to them" in "more than 100 locations nationwide."

4. Defendant regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and each is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendants moreover use one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debt

5. Defendant regularly tells consumers in correspondences that "this is an attempt to collect a debt and any information will be used for that purpose" and/or that the communication is from a debt collector.

6. Defendants regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

## FACTS

7. On or about May 24, 2011, Mr. Alston received correspondence from Transworld, which falsely asserted that Mr. Alston owed Transworld $172.75. Transworld claimed it was collecting a debt owed by Mr. Alston to Chesapeake Bay Development (the alleged "Creditor"). The alleged debt allegedly arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5).

8. Mr. Alston does not have a debt with Chesapeake Bay Development.

9. Chesapeake Bay Development has never performed any services or provided any products to Mr. Alston.

10. Approximately 2 weeks later on or about June 6, 2011 Mr. Alston received another letter from Transworld. The letter stated that the debt "remains due and owing" and that "stopping collection efforts on this account is within your control at this time" by resolving the matter.

11. After the lapse of another two weeks on or about June 20, 2011 Mr. Alston received yet another letter from Transworld. This letter falsely stated that "much of the debt assigned for professional collection is resolved before it reaches this stage in the collection process" and that "[t]his matter, however, has not yet been resolved." The letter further stated that if this matter is not resolved it may be referred to their team of "professional telephone collectors."

12. Just seven days later on or about June 27, 2011 Mr. Alston received another letter from Transworld claiming Mr. Alston has been advised of the consequences for not paying a "legitimate debt" and threatening to transfer the account to their team of professional telephone collectors if Mr. Alston did not pay the debt.

13. On or about July 27, 2011 Mr. Alston received more correspondence from Transworld. In this correspondence Transworld demanded payment be made to Transworld, not the creditor.

## COUNT ONE: VIOLATIONS OF FDCPA

14. Plaintiff realleges and incorporates paragraphs 1 through 13 above as if fully set out herein.

15. Defendant Transworld violated 15 U.S.C. §§1692e & 1692f on multiple occasions in one or more of the following ways, without limitation:

    a. Falsely representing the Plaintiff had a debt with Chesapeake Bay Development in violation of 15 U.S.C. §§1692e & 1692f;

    b. Falsely representing the Defendant had authority to collect a debt owed by the Plaintiff in violation of 15 U.S.C. §1692e(10);

    c.    Falsely stating that most debts are paid within 30 days and unconscionably seeking to make Plaintiff feel guilty for not resolving the matter in that time period;

    d.    Falsely representing the Plaintiff was in default on the debt in violation of 15 U.S.C. §1692e(2)(A); and

    e.    Falsely representing the Plaintiff owed $172.75 in violation of 15 U.S.C. §1692e(2)(A);

16.    As a result of the conduct and actions of Defendant Transworld, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, frustration, upset, anger, humiliation and severe emotional and mental distress.

17.    Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT TWO: VIOLATIONS OF MCDCA

18.    Plaintiff realleges and incorporates paragraphs 1 through 17 above as if fully set out herein.

19.    The alleged debt allegedly involved the Plaintiff seeking or acquiring real or personal property, services, money, or credit for personal, family, or household purposes and is a "consumer transaction" within the meaning of the MCDCA, §14-201(c). Defendant Transworld attempted to the collect on the debt arising out of that consumer transaction and is a debt "collector" within the meaning of MCDCA, §14-201(b).

20. Defendant Transworld violated MCDCA, §14-202(8) on multiple occasions in one or more of the following ways, without limitation:

    a. Attempting to collect a debt by claiming Plaintiff owed a "legitimate debt" to the Defendant when the Defendant knew it had no right to collect on the debt; and

    b. Threatening to refer the account to its team of professional telephone collectors when the Defendant knew it had no right to collect on the debt.

21. As a result of the conduct and actions of Transworld, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, frustration, upset, anger, humiliation and severe emotional and mental distress.

22. Defendant Transworld's conduct was the proximate cause of Plaintiff's injuries, rendering Transworld liable for actual damages in an amount to be determined by the jury pursuant to MCDCA, §14-203.

## COUNT THREE: VIOLATIONS OF MCPA

23. Plaintiff realleges and incorporates paragraphs 1 through 22 above as if fully set out herein.

24. Defendant Transworld is a "person" within the meaning of the MCPA, §13-101(h) and Plaintiff is a "consumer" within the meaning of MCPA, §13-101(c)(1).

25. Defendant Transworld's violation of MCDCA §14-202(8) also constitutes a violation of MCPA, §13-301(14)(iii).

26. Defendant Transworld violated MCPA, §13-303(5) as a "person" engaging in deceptive and unfair trade practices in the collection of a "consumer" debt in one or more of the following ways, without limitation:

    a.    deceptively claiming that most debts are paid within 30 days and unfairly seeking to make Plaintiff feel guilty for not resolving the matter in that time period; and

    b.    deceptively claiming a debt existed and that Defendant had a right to collect that debt from the Plaintiff.

27.    As a result of the conduct and actions of Transworld, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, frustration, upset, anger, humiliation and severe emotional and mental distress.

28.    Defendant Transworld's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the jury pursuant to MCDCA, §13-408(a) and for attorney's fees pursuant to MCDCA, §13-408(b).

WHEREFORE, your Plaintiff demands judgment for actual and punitive damages against Transworld Systems Inc.; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

JONATHAN T. ALSTON

By _____ *(signature)*

Jonathan T. Alston, Pro Se
10012 Cedarhollow Lane
Largo, MD 20774
(240) 432-0927